798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael R. BESS, Plaintiff-Appellant,
v.
Gwen ANDREWS; G. Robert Cotton; Thomas Eardley; Don P.
Leduc; Duane L. Waters; Perry M. Johnson;
Michigan Department of Corrections,
Defendants-Appellees.
 No. 85-1326.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael R. Bess timely filed this pro se appeal from the March 29, 1985, Order of the district court adopting the Report and Recommendation of the magistrate and granting summary judgment for the defendants. This appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Bess, a former prisoner at the State Prison of Southern Michigan, filed this Sec. 1983 action against the Michigan Department of Corrections, its Director, Perry M. Johnson, and five members of the Corrections Commission, seeking damages for constitutional violations alleged to have occurred while he was in prison. The district court referred the matter to a magistrate, who filed a Report and Recommendation on March 6, 1985, recommending that defendants' motion for summary judgment be granted (apparently treating the defendants' motion to dismiss as a motion for summary judgment, since Bess had attached affidavits to his complaint). Bess received a copy of the Report and Recommendation on March 15, 1985, and had 10 days in which to file objections to it. From the record, it appears that Bess placed his objections into the United States mail on March 18, 1985, but they were not filed within the district court until April 2, 1982. In the meantime, on March 29, 1985, the district court accepted the Report and Recommendation as the findings and conclusions of the court and granted summary judgment in favor of defendants.
 
 
 3
 In United States v. Walters, 638 F.2d 947 (6th Cir.1981) this Circuit held that a party failing to file timely objections to a magistrate's Report and Recommendation waives the right to an appeal, and this rule was recently upheld by the Supreme Court in Thomas v. Arn, --- U.S. ----, 106 S.Ct. 466 (1985). However, under the circumstances of this case, where a party filing his objections pro se apparently placed them in the United States mail on the third day after receiving the Report and Recommendation, and the Report and Recommendation gave notice that petitioner had ten days in which to file his objections, we do not find that the party has waived his right to appeal, and we will, therefore, address the merits of Bess's objection.
 
 
 4
 In Bess's objection, he contends that the motion for summary judgment could not have been referred to a magistrate under 28 U.S.C. Sec. 636(b)(1)(A) which provides, in relevant part, that
 
 
 5
 a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion ... for summary judgment ... .
 
 
 6
 However, subparagraph (B) provides that--
 
 
 7
 a judge may also designate a magistrate to conduct hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) ... .
 
 
 8
 The magistrate here merely submitted proposed findings of fact and recommendations for the dispostion of the motion for summary judgment (a motion excepted in subparagraph (A) ); therefore, the matter was properly before the magistrate.
 
 
 9
 Accordingly, it is ORDERED that the judgment of the district court is AFFIRMED. Sixth Circuit Rule 9(d)(3).